CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PATRICIA DENNIS, | ) | |
| | ) | Civil Action No. 7:15CV00638 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | Hon. Glen E. Conrad |
| WAL-MART STORES EAST, LP, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

In this premises liability action, Patricia Dennis seeks to recover for personal injuries she sustained after falling inside a Walmart store owned and operated by the defendant, Wal-Mart Stores East, LP ("Wal-Mart"). The case is presently before the court on the defendant's motion for summary judgment. For the reasons stated below, the court will grant the defendant's motion.

## Background

The following facts from the summary judgment record are either undisputed or presented in the light most favorable to the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013).

Around noon on August 11, 2014, Dennis went to the Walmart store in Pearisburg, Virginia to return a camera that she had purchased the previous week. It had been raining "very hard all morning." Dennis Dep. at 38. The rain ended just before Dennis parked her car near the entrance to the store. Id.

Wearing "decorated flip-flops," Dennis made her way to the entrance. Id. at 39-40. She was aware that "[e]verything was wet" from the rain that had fallen. Id. at 39-40. Immediately upon entering the store, Dennis made a right turn in front of the shopping carts in order to head in the direction of the customer service counter. Dennis subsequently realized that she was walking

through water. She continued to walk through it, "just like a kid walking through water," since she needed to return the camera. Id. at 47. After taking approximately ten or eleven steps in the water, Dennis slipped and fell. As a result of the fall, Dennis injured her left knee.

During her deposition, Dennis testified that she saw water dripping from the shopping carts after she fell. Id. at 50. However, she was unable to say whether the water dripping from the carts had extended into the area in which she was walking. Id. at 63-64. Likewise, Dennis acknowledged that she does not know when the shopping carts had last been pushed into the store on the day of the incident, and that she does not know how long the water had been on the floor before she slipped and fell. Id. at 50, 64.

Elizabeth Crumpler was working at the customer service counter at the time of the incident. Video surveillance footage shows that Crumpler was talking on one of the store's telephones just before Dennis fell.[1] Upon learning that Dennis had fallen, Crumpler called for assistance.

## Procedural History

In October of 2015, Dennis filed this negligence action against Wal-Mart in the Circuit Court for the County of Giles. Wal-Mart removed the case to this court on the basis of diversity jurisdiction. Following the close of discovery, Wal-Mart moved for summary judgment. The court held a hearing on the motion on February 8, 2017. The motion has been fully briefed and is ripe for review.

## Standard of Review

Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] The court had the opportunity to view the video surveillance footage during the hearing on the pending motion.

2

Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (finding summary judgment appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"). In deciding whether to grant a summary judgment motion, the court must view the record in the light most favorable to the non-moving party, and draw all reasonable inferences in her favor. Anderson, 477 U.S. at 255; Libertarian Party of Va., 718 F.3d at 312.

## Discussion

Because this federal action is based upon diversity of citizenship, the court must apply the substantive law of the forum state, including its choice of law rules. Limbach Co., LLC v. Zurich Am. Ins. Co., 396 F.3d 358, 361 (4th Cir. 2005). The parties agree that Virginia law governs the negligence claim asserted by the plaintiff.

In Virginia, "[t]he rules applicable to slip-and-fall cases are well settled." Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990). Under these rules, a store owner is not an insurer of an invitee's safety on the premises, but must use ordinary care to render the premises reasonably safe for the invitee's visit. Fultz v. Delhaize Am., Inc., 677 S.E.2d 272, 274 (Va. 2009). Ordinary care requires the owner to keep the premises in a reasonably safe condition; to remove, within a reasonable time, foreign objects and substances on the floor when the owner knows or should know of their presence; and to warn unknowing customers of unsafe conditions of which the owner knows or should know. Winn-Dixie Stores, 396 S.E.2d at 650.

In order for Wal-Mart to be adjudged negligent in a case such as this, where there is no evidence that the dangerous condition at issue resulted from affirmative conduct on the part of the defendant, Dennis must prove that Wal-Mart had "actual or constructive notice" of the dangerous condition. Ashby v. Faison & Assocs., Inc., 440 S.E.2d 603, 605 (Va. 1994); see also Turley v.

3

Costco Wholesale Corp., 220 F. App'x 179, 181 (4th Cir. 2007) (distinguishing passive conduct, such as "allowing water to accumulate in a lobby," from affirmative conduct, and explaining that the former requires proof of actual or constructive knowledge on the part of the defendant). Specifically, Dennis must show that Wal-Mart "knew or should have known" of the water that caused her to fall and "failed to remove it within a reasonable time or to warn of its presence." Ashby, 440 S.E.2d at 605; see also Miracle Mart, Inc. v. Webb, 137 S.E.2d 887, 890 (Va. 1964) ("[I]n order to impose liability for injury to an invitee the dangerous condition must have been known to the owner or occupant of the establishment, or have existed for such a length of time as to make it the defendant's duty in the exercise of ordinary care to have discovered it.").

Here, Dennis is unable to point to any evidence that Wal-Mart knew that water had accumulated near the shopping carts before Dennis fell. Consequently, Dennis concedes that she cannot prove that Wal-Mart had actual notice of the dangerous condition. Instead, Dennis argues that Wal-Mart had constructive notice of the water that caused her to fall. Dennis contends that Wal-Mart's constructive notice is demonstrated by: (1) the fact that its employee, Elizabeth Crumpler, was working in an adjacent area, and (2) the fact that it had been raining on the day of the incident. For the following reasons, however, the court finds Dennis' arguments unpersuasive.

First, the court agrees with Wal-Mart that the mere fact that Crumpler was working in an adjacent area is insufficient to support a finding of constructive notice on the part of the defendant. There is no evidence from which a reasonable jury could find that Crumpler should have noticed the water and warned Dennis of its presence. The video surveillance footage reveals that Crumpler was working behind the customer service counter when Dennis entered the store, and that she was talking on one of the store's telephones just before Dennis fell. Moreover, Dennis

4

herself did not notice the water until she was actually walking through it. On this record, the court is convinced that Crumpler's presence in an adjacent area is insufficient to establish that Wal-Mart had constructive notice of the hazardous condition. See Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 170 (4th Cir. 1996) (holding that the mere fact that the defendant's employee was working eight to ten feet from the location of the accident did not support a finding of constructive notice); Prindes v. Winn-Dixie Raleigh, Inc., No. 96-1636, 1997 U.S. App. LEXIS 8573, at *15 (4th Cir. Apr. 23, 1997) (finding no constructive notice even though the defendant's employees were working in the aisle where the plaintiff slipped on a readily observable liquid substance). To hold otherwise "would, in effect, make the defendant an insurer of the safety of its customers." Gauldin, 370 F.2d at 170.

Second, it is clear from existing precedent that the mere fact that it had been raining on the day of the incident is insufficient to establish constructive notice on the part of the defendant. As explained above, the plaintiff must show that the defendant "had actual or constructive notice of the specific unsafe condition that injured her." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453-54 (4th Cir. 2004) (emphasis in original) (applying Virginia law). To establish constructive knowledge of a hazardous condition, the plaintiff must show that it had existed for such a length of time as to charge the store owner with notice. Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993). "Hence, if the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Id. (citing Winn-Dixie Stores, 396 S.E.2d at 651.

Applying these principles, courts have found that plaintiffs failed to establish constructive notice in similar cases involving inclement weather. For instance, in Cannon v. Clarke, 167 S.E.2d 352 (Va. 1969), a plaintiff filed suit against her neighbors after she allegedly slipped on snow or ice on their porch. On appeal, the Supreme Court of Virginia concluded that the

5

defendants were entitled to judgment as a matter of law since there was "an entire lack of evidence as to how long the snow or ice, if any, had been there." Cannon, 167 S.E.2d at 355. Similarly, in Ashby v. Faison & Associates, Inc., the Supreme Court of Virginia held that a plaintiff who slipped and fell in a lobby on a rainy day could not prevail in the absence of any "showing that the . . . hazardous condition . . . had existed long enough that the defendants should have known of its existence in time to remove it or warn [the plaintiff] of the danger." Ashby, 440 S.E.2d at 605. More recently, in Turley v. Costco Wholesale Corporation, the United States Court of Appeals for the Fourth Circuit held that a plaintiff, who slipped on water, snow, or ice while obtaining a shopping cart in a store's entrance area, failed to establish constructive notice on the part of the defendant. Turley, 220 F. App'x at 180. Although the record revealed that the "wet weather conditions had persisted for several days," the plaintiff "offered no evidence to suggest that the water had been pooling in front of the carts so long that [the defendant] should have discovered it." Id. at 182. Accordingly, the Fourth Circuit held that the plaintiff had "not met his evidentiary burden with respect to an essential element of his claim," and, thus, that summary judgment had been appropriately awarded to the defendant. Id. at 183.

Here, as in Cannon, Ashby, and Turley, Dennis has not proffered any evidence suggesting that the water had been accumulating near the shopping carts long enough that Wal-Mart should have discovered it. Even assuming that rain-soaked carts were the source of the accumulated water, Dennis acknowledged at her deposition that she does not know when the wet carts had been pushed into the store on the day of the incident, or how long the water had been pooling on the floor before she slipped and fell. Without such evidence, Dennis cannot establish an essential element of her claim for negligence. Turley, 220 F. App'x at 183; see also Hodge, 360 F.3d at 454 ("Even assuming that [plaintiff] established that an unsafe condition existed . . . when she

6

arrived, she failed to provide sufficient evidence of how much earlier the condition arose, and thus cannot establish the condition was in existence for a time sufficiently long for a jury to conclude that Wal-Mart was negligent in addressing it."). Accordingly, summary judgment is appropriate.[2]

### Conclusion

For the reasons stated, Dennis has failed to proffer evidence from which a reasonable jury could find that Wal-Mart had actual or constructive knowledge of the hazardous condition that allegedly caused her to fall.[3] Accordingly, the court will grant Wal-Mart's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 21st day of February, 2017.

_____
Chief United States District Judge

---

[2] While neither party cites to this court's previous decision in Hudson v. Boddie-Noell Enterprises, Inc., No. 7:11CV004466, 2012 U.S. Dist. LEXIS 81612 (W.D. Va. June 13, 2012) (Conrad, J.), the court notes that the facts of that case are clearly distinguishable. Unlike the instant case, the plaintiff in Hudson proffered evidence from which a reasonable jury could find that the defendant had actual or constructive notice of the ice on which the plaintiff allegedly slipped. The plaintiff's evidence indicated that the patch of ice outside the entrance to the restaurant had existed long enough to be packed down by customers, and that it was in the same vicinity as an ice chipper. Additionally, the store manager testified that she was supposed to inspect the area in question every hour. The court concluded that such evidence, construed in the plaintiff's favor, was sufficient to support a finding that the defendant's employees were aware of the ice or that it had existed for such a length of time that they should have discovered it. For the reasons set forth above, the same cannot be said of the record in the instant case.

[3] Having reached this decision, the court finds it unnecessary to address the other arguments raised in support of the defendant's motion for summary judgment.

7